843 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Willie J. BROWN, Debtor.
Willie J. BROWN; Cleo H. Brown, Plaintiffs-Appellants,
v.
Stanley HOFFMAN; Minnie Hoffman; Defendants-Appellees,
and
Richard Kremen, Trustee, Defendant.
 No. 87-1621.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 4, 1988.
Decided: April 7, 1988.
 
 Peter Baldwin Turney for appellants.
 Brian Jeffrey Frank (Levin, Gann & Hankin, P.A., on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, JAMES DICKSON PHILLIPS, Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants Willie and Cleo Brown borrowed money from the Hoffmans, appellees, on January 21, 1981. The Hoffmans began foreclosure proceedings against the Browns on August 30, 1984, and the Browns later filed a counterclaim for injunctive relief and damages pursuant to Maryland's Secondary Mortgage Loan Law based upon the usurious rate of interest charged under the terms of the loan. On October 26, 1984, Willie Brown filed a voluntary Chapter 13 petition in the Bankruptcy Court for the District of Maryland. On September 30, 1986, after removal of the case by a third party who claimed part of the mortgage, Bankruptcy Judge Schneider ruled that the Hoffmans knowingly violated Maryland's credit regulations relating to usury, finding that the loan made to the Browns was usurious, was not exempt as a "commercial loan" under the Maryland Commercial Code, and was in violation of the federal Truth in Lending Act. Judge Schneider granted injunctive relief from collection of interest on the loan but denied civil penalties sought by the Browns in their counterclaim as barred by Maryland's one-year statute of limitations, Maryland Courts and Judicial Proceedings Code Sec. 5-107. The district court agreed, ruling that the one-year limitation applied to the Browns' claim for civil penalties under Sec. 12-413 and Sec. 12-106.1(b)* of the Commercial Code. We affirm.
 
 
 2
 Maryland's Secondary Mortgage Law, subtitle 4 of the Maryland Commercial Code's credit regulations, Sec. 12-401, et seq., provides for licensing and regulation of loans secured by property already encumbered, and includes criminal and civil penalties for violations. Section 12-413 titled "Civil Penalties" provides that:
 
 
 3
 a lender who knowingly violates any provision of this subtitle also shall forfeit to the borrower three times the amount of interest and charges collected in excess of that authorized by law.
 
 
 4
 The Browns also claim that they are entitled to damages for false statements made in connection with the loan. Section 12-106.1(b)(1) titled "Penalties" provides that a person who willfully requires or procures a false or misleading statement from the borrower:
 
 
 5
 shall forfeit to the borrower three times the amount of interest and charges contracted for or collected in excess of that permitted by law, in addition to any other penalty otherwise provided in this title.
 
 
 6
 Thus, claims for such civil damages are punitive in nature and must be considered actions for penalties or forfeitures under the designations of the statutory provision which create them.
 
 
 7
 Section 5-107 of the Maryland Courts and Judicial Proceedings Code is clearly applicable to such civil claims:
 
 
 8
 Sec. 5-107. Fines, penalties, and forfeitures.
 
 
 9
 A prosecution or suit for a fine, penalty, or forfeiture shall be instituted within one year after the offense was committed.
 
 
 10
 Drawing attention to the use of the term "offense," the Browns argue that this limitation period is not applicable because their claims for damages are civil not criminal and that Sec. 5-107 applies only to criminal prosecutions or, at most, civil suits subsequent to a determination of criminal liability. Black's Law Dictionary 975 (5th ed. 1979) defines offense as follows:
 
 
 11
 A felony or misdemeanor; a breach of the criminal laws. The word "offense," while sometimes used in various senses, generally implies a felony or a misdemeanor infringing public as distinguished from mere private rights, and punishable under the criminal laws, though it may also include the violation of a criminal statute for which the remedy is merely a civil suit to recover the penalty. (Emphasis added.)
 
 
 12
 Violation of subtitle 4 of Maryland's credit regulations is made criminal by Sec. 12-414, and Sec. 12-413 provides for the "Civil Penalties" sought by the Browns. Violation of the disclosure provisions of Sec. 12-106(b) is made criminal by Sec. 12-114(b), and Sec. 12-106(b)(1) provides for the additional "Penalties" sought by the Browns. Thus, each statutory basis for recovery is related to "the violation of a criminal statute for which the remedy is merely a civil suit to recover the penalty." The plain meaning of the statutory terms and the structure of these credit regulations permits the only conclusion that the one-year limitation period applies to the Browns' counterclaims.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Judge Schneider also specifically ruled that the Browns' claim under Sec. 12-106.1(b) for treble damages "wasn't proven" and that "in any event, it wasn't pleaded." Record at 140. The district court did not reach these issues on their merits because it found both damages claims barred by the one-year limitation